## Hays v. Board of Trustees of Clinton School City.

[No. 13,000.    Filed November 3, 1927.]

Master and Servant.—*Evidence held to sustain finding of Industrial Board that compensation claimant was contractor and not employee.*—In a proceeding before the Industrial Board for compensation for injuries received by claimant in repairing the roof on a public school building, the evidence *held* sufficient to sustain the finding of the board that claimant was an independent contractor and not an employee of the corporation employing him.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Emmit J. Hays against the Board of Trustees of Clinton School City. From a denial of any compensation, claimant appeals. *Affirmed.* By the court in banc.

*Miller, Beeler & Cousey,* for appellant.

*Edbert P. Zell* and *W. J. Goff,* for appellee.

THOMPSON, C. J.—Appellant filed an application for compensation against appellee for an injury received on October 12, 1926, by reason of a ladder slipping from under him as he was repairing one of appellee's school buildings, causing him to fall a distance of fifteen feet.

Appellee filed a special answer to the application, giving the two following reasons why compensation should not be allowed: (1) That appellant was an independent contractor; (2) that the employment was both casual and not in the usual course of the trade, business or profession of appellee.

On the final hearing, the full board, by a majority of its members, found that appellant was not an employee of appellee at the time he received his injury, and ordered that appellant take nothing. Judgment was rendered against him for costs.

The evidence in this case shows that on and prior to October 12, 1926, appellant was conducting an independent personal business as plumber, tinner and contractor; that within a few days prior to October 12, 1926, the appellee engaged appellant to repair a roof upon one of its school buildings; that there was no contract fixing the price for repairing said roof; that appellant was not required to make said repairs personally; that, after said engagement was made, appellant undertook the job of repairing said roof, and that he personally, with two helpers employed by him, entered upon said work; that appellant carried compensation insurance covering his

helpers; that while engaged in the repair of said roof on said date, appellant accidentally received a personal injury; that appellee had actual knowledge of said injury on said date; that appellee did not furnish appellant with an attending physician or with the necessary surgical, hospital and nurse services and supplies for the treatment of said injury; that, as a result of said injury, appellant was totally disabled for work from October 12, 1926, until and including the time of the original hearing on November 24, 1926; that, after appellant was injured, his helpers completed the repair of said roof, and that, for the labor performed thereon by himself and his helpers, appellant charged appellee, and received payment, at the rate of $1.25 per hour.

Appellant earnestly contends that the evidence shows that appellant was an employee, and that the award should be reversed. We hold, however, that the evidence is sufficient to sustain the Industrial Board in its finding that appellant was a contractor, and not an employee.

Affirmed.